IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD EDWARDS,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-cv-07369 |
| | ) | |
| v. | ) | |
| | ) | |
| **INFLECTION RISK SOLUTIONS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, REGINALD EDWARDS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against INFLECTION RISK SOLUTIONS, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. REGINALD EDWARDS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Country Club Hills, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. INFLECTION RISK SOLUTIONS, LLC, (hereinafter, "Defendant"), is a business entity that provides tenant screening services to various third-parties.

7. Defendant has its principal place of business located at 555 Twin Dolphin Dr., Redwood City, CA 94065. Defendant is registered as a limited liability company in California.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to potential landlords who wish to screen tenant applicants.

14. Some of the consumer reports Defendant sells to landlords contain information regarding a prospective tenant's criminal arrest and conviction history.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. On or about October 18, 2019, Plaintiff submitted an application for stay at a residence through AirBNB (hereinafter, "AirBNB").

18. On or about October 18, 2019, AIRBNB agreed to rent an apartment to Plaintiff contingent upon Plaintiff successfully passing a background screening.

19. As part of its routine background check on its prospective tenants, AIRBNB requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20. On or about October 18, 2019, Defendant prepared and sold a consumer report to AirBNB, purportedly regarding the character and general reputation of Plaintiff.

21. The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of a charge of impersonating a police officer.

22. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

23. The inaccurate information of which Plaintiff complains is a putative felony conviction for impersonating a police office in March 2018.

24. Plaintiff has never been arrested, tried or convicted of any felonies.

25. Specifically, Plaintiff asserts that he has never been arrested, tried or convicted of impersonating any police officer.

26. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained patently inaccurate information.

27. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to AIRBNB and other unknown third parties.

28. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Lost rental opportunities and/or delay in being approved for rental opportunities;

   b. Emotional distress, mental anguish, humiliation and embarrassment associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

29. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REGINALD EDWARDS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**REGINALD EDWARDS**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: November 6, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com